(56 Misc. Rep. 680.)

### McENROE v. TAYLOR.

(Supreme Court, Appellate Term. December 12, 1907.)

MASTER AND SERVANT—INJURIES TO THIRD PERSONS—AUTHORITY OF SERVANT.
    Where plaintiff was injured by defendant's automobile, operated by defendant's chauffeur, but defendant testified that the chauffeur was acting without his authority and against his express commands, failure of defendant at the time he was served with summons and complaint to deny that the chauffeur was acting at the time of the accident as his em-

ployé and in the performance of duties for him, could not be considered as proof that the agent had authority.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John McEnroe against Moses Taylor. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and FORD, JJ.

Frank V. Johnson (Allan E. Brosmith, of counsel), for appellant.
John C. Coleman, for respondent.

PER CURIAM. It is undisputed that plaintiff was struck by defendant's automobile while being run or operated by defendant's chauffeur. The defendant testifies that the chauffeur was acting without his authority and against his express command. The chauffeur was not produced at the trial; his absence, however, being explained. There is evidence that the defendant failed to deny the authority of the chauffeur when served with the summons and complaint.

The court charged the jury that the failure of the defendant at the time he was served with the summons and complaint to deny that the chauffeur was acting at the time of the accident as the employé of the defendant, and in the performance of duties for the defendant, "may be considered as proof that the agent had authority," to which exception was taken. In so charging the jury, the court committed error prejudicial to the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.